UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIC GREEN,

   Plaintiff,

v.            Case No. 3:23-cv-1201-MMH-SJH

RICKY DIXON, et al.,

   Defendants.
_____

## ORDER

### I. Status

Plaintiff Eric Green, an inmate in the custody of the Florida Department of Corrections (FDC), initiated this action on October 9, 2023,[1] by filing a Complaint for Violation of Civil Rights (Doc. 1; Complaint).[2] He names the following Defendants: (1) FDC Secretary Ricky Dixon, (2) Warden Woodall, (3) Colonel Manning, (4) Sergeant Covey, and (5) Officer Combs. See id. at 2–4. Green alleges violations of the Eighth Amendment, as well as state tort claims. See id. at 6–7. This matter is before the Court on Defendant Dixon's Motion to Dismiss in Part (Doc. 35; Motion). Green opposes the Motion. See Plaintiff's

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Response to Defendant Dixon's Motion to Dismiss in Part (Doc. 43; Response). Thus, the Motion is ripe for review.

## II. Green's Allegations[3]

Green alleges that on October 10, 2019, at approximately 9:00 a.m., Defendant Covey informed inmates in G-Dorm that they would not attend recreation that day. Complaint at 13. According to Green, Defendant Covey subsequently conversed with Inmate J. Robinson "in private," and "[o]n information and belief, [Inmate Robinson] and [Defendant] Covey discussed [Green] because [Defendant] Covey wanted [Green] physically attacked due to him writing grievances on the G-Dorm officers." Id. Green asserts that approximately five minutes after that conversation, Defendant Covey ordered the inmates to line up for recreation. Id.

Green next alleges that Defendants Covey and Combs escorted the inmates outside of G-Dorm and into the recreation yard. Id. They then failed to perform a "pat search/clothed body search" before allowing inmates to reenter the yard. Id. According to Green, Inmate Jeremy Booth reentered the yard "with a combination lock concealed on his person tied in a sock to create

---

[3] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Green, and accept all reasonable inferences that can be drawn from such allegations. Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts recited here are drawn from the Complaint and may well differ from those that ultimately can be proved.

2

a homemade weapon." Id. at 14. Green states that when he returned from the yard, Inmate Booth circled behind him and struck him in the head. Id. at 15. He asserts that Defendants Covey and Combs failed to intervene in a timely manner. Id. Additionally, Green contends that if Defendant Covey and Combs had searched the inmates, they would have discovered the weapon on Inmate Booth, and Green would not have been harmed. Id. at 18.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## IV. Analysis

Defendant Dixon first argues that insofar as Green asserts an Eighth Amendment claim against him, he is entitled to sovereign immunity. Motion at 3. The Court finds that Green's Complaint fails to state a plausible § 1983 claim against Defendant Dixon. Notably, Defendant Dixon is not subject to a

suit for damages under § 1983 where Green sues him in his official capacity only. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding a suit against an official sued in his official capacity is essentially a suit against the State, which is not a "person[] under § 1983"); Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) ("As the DOC is a state agency, and thus not a person within the meaning of § 1983, [Plaintiff's] § 1983 claim for damages against the DOC is frivolous.").[4] As such, the claim against Defendant Dixon is due to be dismissed.

Green's allegations against Defendant Dixon also fail to state a viable claim. It appears Green sues Defendant Dixon in his supervisory role as Secretary of the FDC. The Eleventh Circuit has held that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047–48 (11th Cir. 2014).

> Causation "may be established and supervisory liability imposed where the supervisor's improper custom or policy results in deliberate indifference to constitutional rights." Id.[5] (alterations adopted) (internal quotation marks omitted). "A plaintiff can also show that the absence of a policy led to a violation of constitutional rights." Piazza,[6] 923 F.3d at 957. "Either way, though, to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee." Id. (citation omitted). And allegations of a single incident of unconstitutional conduct cannot state a claim for supervisory liability, even when the conduct involves several subordinates. Id. at 957–58.

Ingram v. Kubik, 30 F.4th 1241, 1254 (11th Cir. 2022).

Here, Green has not alleged Dixon personally participated in the alleged violation of his rights. See generally Complaint. And his factual allegations do not support an inference that a policy, custom, or practice was the driving force behind the alleged constitutional violation. There are no factual allegations that Defendants Covey and Combs failed to pat down the inmates entering and exiting the recreation yard because of a policy, custom, or practice. In fact, to the contrary, Green alleges that the FDC has a policy or practice requiring

---

[5] Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999).
[6] Piazza v. Jefferson Cnty., 923 F.3d 947 (11th Cir. 2019).

corrections officers to do so, but Defendants Covey and Combs failed to follow that policy. See Complaint at 17–18. Accordingly, Green fails to state a claim under § 1983 against Defendant Dixon.[7] As such, his allegations fail to state a plausible claim for relief.

As to Green's state law claims against Dixon, Defendant Dixon argues that Green is not entitled to punitive damages. Motion at 5–6. Florida Statutes section 768.28(5)(a) provides that "[the] state and its agencies and subdivisions shall be liable for tort claims in the same manner and to the same extent as a private individual under like circumstances, but liability shall not include punitive damages or interest for the period before judgment." Therefore, to the extent Green seeks punitive damages against Defendant Dixon under state law, his claim is barred by Florida law.

Accordingly, it is **ORDERED:**

1.     Finding good cause as stated in Green's Responses (Docs. 43, 44), the Court **discharges** the Final Order to Show Cause (Doc. 42).

---

[7] To the extent Green seeks leave to amend the Complaint, Response at 1, his request is not properly before the Court. A request for affirmative relief is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999))). Thus, the Court will not entertain Green's request for relief included in the Response.

2. Defendant Dixon's Motion to Dismiss in Part (Doc. 35) is **GRANTED** to the extent stated herein. Green's Eighth Amendment failure to protect claim against Defendant Dixon and state law claims for punitive damages are **DISMISSED**.

3. Green's state law claims for compensatory damages against Defendant Dixon remain. Defendant Dixon must file an Answer no later than **December 1, 2025**.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of November, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 10/28
c:  Eric Green, #192172
    Counsel of Record